## GEORGE RACE v. THE STATE.

No. 2383. Decided December 18, 1901.
Motion for Rehearing Decided February 12, 1902.

**1.—Obstructing Public Road—Public Road, What Is.**

On a trial for obstructing a public road, defendant was properly convicted where it was shown that the commissioners court had created the road a public one, and that the public had used and traveled it as a public road for twenty years, although there was no evidence of any condemnation of the property, or that the owner or owners thereof had ever received compensation therefor. Following Ward v. State, 42 Texas Criminal Reports, 435. Henderson, J., dissenting.

### ON MOTION FOR REHEARING.

**2.—Same—Public Road, What Is.**

A road may be shown to be a public road by long continued usage with assignment of hands to work the same by the commissioners court, regardless as to whether all the proceedings essential to a statutory condemnation have been taken or not.

**3.—Same.**

A road becomes a public road whenever the commissioners court assigns hands to work it and the hands do work it, and the public uses it as a public road.

**4.—Same.**

A landowner whose property has already been taken, assigned, used, and known as the public road, can not obstruct the same, inclose it, and use it to the exclusion of the public, although he has not been paid for it.

**5.—Same—Constitutional Guaranty as to Compensation.**

The constitutional guaranty as to compensation for property taken for public use can only be invoked, in the first instance, when the commissioners court first seek to take or condemn the land; it does not apply where property has already been taken, designated, and used as public property. Henderson, J., dissenting.

Appeal from the County Court of Anderson. Tried below before Hon. G. W. Hudson, County Judge.

Appeal from a conviction of obstructing a public road; penalty, a fine of $5.

The opinion states the case.

*Thos. B. Greenwood* and *West & Cochran,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of obstructing a public highway, and his punishment assessed at a fine of $5.

It appears from the statement of facts that the road alleged to have been obstructed ran through the town of Neches, which had been laid out in lots and blocks. The road ran across the lots and blocks purchased by appellant from the New York and Texas Land Company. This company had previously received a deed for said land from the International & Great Northern Railroad, but the deed of the conveyance was not shown; nor was it shown when the International & Great Northern Railroad acquired title. It was shown, however, that the road ran through the ground occupied by said lots for some twenty-five years or more, and that said road had been worked by hands allotted to work it by the Commissioners Court of Anderson County, and that the public had traveled and used it as a public road for as long as twenty years. There was no evidence of any condemnation proceedings as to said property for road purposes, nor was there any evidence that the owner or owners thereof had ever received any compensation. About April 30, 1901, appellant built a fence around the lots he had bought, which obstructed the public road running over the same. It is contended by appellant that the evidence is not sufficient to support the conviction, citing in support thereof Smith v. State (Texas Criminal Appeals), 40 Southwestern Reporter, 736. That case merely lays down the proposition that a mere permissive use for twenty years of a road over the land of another is not sufficient on which to base prescriptive right in the public to the road. That was not a case where the commissioners court had created the road a public one, and had assigned hands to work the road, and the same had been continuously used by the public for a series of years, as appellant seems to have concluded. Hence that case is not applicable here. The law with reference to the facts in this case has been thoroughly reviewed and discussed in the cases of Dodson v. State (Texas Criminal Appeals), 49 Southwestern Reporter, 78, and Ward v. State, 42 Texas Criminal Reports, 435, 1 Texas Court Reporter, 565, and we do not deem it necessary to add anything to what we there said. Under the authority of those cases, the judgment herein is affirmed.

*Affirmed.*

HENDERSON, JUDGE (dissenting).—The proposition on which the State claimed that it was a public road was that the public had, on account of long usage of the same, acquired a prescriptive right to this certain property as a public road; and it is urgently insisted that the burden was on the State to show that none of the owners of said land labored under any disability during the period of prescription and cites us to City of Austin v. Hall (Texas Supreme), 57 Southwestern Re-

porter, 563. That was a case where plaintiff, Hall, sought to recover damages occasioned by defendant city of Austin constructing the dam on the Colorado River which overflowed the road which plaintiff claimed was a public road, and in effect destroyed said road. That case was certified by the Court of Civil Appeals (48 Southwestern Reporter, 53), to the Supreme Court, the following statement being made as to the situation, to wit: "It was not shown that the land over which the road runs had ever been condemned in the manner prescribed by statute, or donated by the owners thereof for a public road; and the plaintiffs sought to establish the fact that it was a public road by prescription, resulting from long-continued use by the public. The road extended across various tracts of land. As to some of these tracts the evidence does not show who were the owners during the prescriptive period, and it does not show whether any of the owners were sui juris during the time referred to. In fact, there was no direct proof that the title to the tracts of land referred to had ever passed out of the State." Upon this statement the following question was certified to the Supreme Court: "In order for the plaintiffs to establish a prescriptive right to the road, was it necessary to show that during the prescriptive period the servient estates— the various tracts of land against which the prescriptive right is claimed— were owned by persons free from legal disability, and against whom limitations or prescriptive right could be acquired by adverse use?" To this question the Supreme Court replied in the affirmative. It was further remarked in this connection: "A right claimed by prescription rests upon the presumption that the owner of the land has granted the easement, and the grant has been lost. To sustain this claim, it must appear that the use upon which the right is predicated has continued the requisite time, during which the owner was not under disability to resist the claim,"—citing various authorities. It occurs to me that the question here is of a similar character; that is, before the State of Texas can recover a fine from the owner of the land for obstructing the road, all the conditions which would give a prescriptive right must be shown; and it must be shown that during the prescriptive period the owner or owners were in condition to make the grant, and were not under disability to resist the claim. I do not believe, therefore, the State discharged the burden imposed upon it, as no attempt was made to show that the parties who had formerly owned the land were not under disability. Under this view of the case, I think the judgment should have been reversed.

### ON MOTION FOR REHEARING.

BROOKS, JUDGE.—The judgment was affirmed at the Tyler term, 1901, and now comes before us on motion for rehearing. Appellant insists the court erred in affirming the judgment, in the absence of sufficient evidence under the law to establish that the road obstructed was a public road. We do not think the original opinion in this case is at all in con-

flict with the decisions of the Supreme Court on the question as to what is a public road. In Gowhenour v. State, 33 Texas Criminal Reports, 538, in passing upon a similar question, we said: "The evidence discloses that the fence was erected by Mrs. Spears across a road which had been laid out by the commissioners court as a public road; that it had been worked and traveled as a public road since 1889; that overseers had been appointed and hands apportioned each year thereafter for the purpose of working and keeping it in repair; that appellant was a hand thus apportioned, and had also acted as overseer in working said road; and that he removed the fence from across the road. It also appears that Mrs. Spears had not been paid any damages for thus appropriating her land for such purposes, nor is it shown that she ever asked for or claimed such damages or compensation. She had her remedy by civil proceedings in regard to this matter." So we hold in this case that whether the land used as a public road has been paid for or not is a matter that does not affect the question as to whether or not the road is a public road. In McWhorter v. State, 43 Texas, 666, the Supreme Court said: "We are of the opinion that the road may be shown to be public by other evidence than the production of the order of the county court establishing it as such. While there is some obscurity in parts of the evidence, and it is apparently to some extent conflicting, we think it may well have satisfied the jury that that part of the road obstructed by appellant had long been used as a public road, and had been recognized as such by order of the county court apportioning hands to work it." A road may be shown to be a public road by other evidence than by the production of the order of the county court establishing it as such. Long-continued usage, with assignments of hands to work the same by the commissioners court, regardless of whether all of the steps necessary were taken to a statutory condemnation of the same as a public road would make the same a public road. We find no authority holding that the bare fact that the commissioners court has failed to comply with any particular clause of the statute under which they are authorized to act in condemning land for public road purposes per se would vitiate the orders of the commissioners court, and render the land so taken not a public road. The question of time that the road may have been used as such, as we understand the matter, is not at all material in considering the question as to whether the same is public. As stated above, the orders of the commissioners court designating the road may be irregular, but if the commissioners court assigns hands to work a certain road, thereby declaring it a public road, and the hands do work it, and the public use it as such, it then and there becomes a public road. As indicated in the Gowhenour case, supra, we have no concern with whether or not appellant has been paid his damages. The farthest this court has ever gone on the question of compensation for land taken is, that the party can prevent the same being taken in the first instance. Bradley v. State, 22 Texas Crim. App., 330; Thompson v. State, 22 Texas Crim. App., 328. Our Constitution guarantees a

person's property shall not be taken, damaged, or destroyed or applied to public use, without adequate compensation being made, unless by the consent of such person, and when taken, except for the use of the State, such compensation shall be first made. If this was a case in which the commissioners court attempted to take appellant's land, then he could invoke the beneficent principle enunciated in the Constitution. But the property has already been taken, or used, designated, and known as a public road. Then, what are his rights? Can he obstruct the same, inclose it, and use it to the exclusion of the public? We say not. He has his remedy through the civil courts of the country. What they are we are not called upon to say. We hold that the evidence in this case, under an unbroken line of decisions, supports the proposition that the testimony shows the road was a public road, and that appellant willfully obstructed the same. For a full discussion of what is a public road, see Berry v. State, 12 Texas Crim. App., 249; Ball v. State, 13 Texas Crim. App., 269; Meyer v. State, 37 Texas Crim. Rep., 462; 1 White Civ. App. Cases, sec. 81; Dill. Mun. Corp., sec. 631; Elliott on Public Roads, secs. 114, 123, 127, 160.

The motion for rehearing is overruled.

*Motion overruled.*

HENDERSON, JUDGE.—I dissent from the views expressed in the majority opinion and refer to dissenting opinion on the original hearing, and also refer to dissent in Ward v. State, 42 Criminal Reports, 435 1 Texas Court Reporter, 565.