## INTERNATIONAL & GREAT NORTHERN RAILROAD COMPANY v. C. CUNEO.

### Decided November 27, 1907.

**1.—Way—Dedication.**

Dedication of a right of way is not effected by mere omission to assert a right or acquiescence in use by the public. but is an affirmative act and must be such as clearly to evidence by acts, declarations or a line of conduct an intention to grant the right. Evidence considered, and held insufficient to establish a dedication.

**2.—Same—Prescription.**

A way by prescription may be established by proof of allowing adverse

and continuous use imputing notice to the owner, for a period of ten years, though not such as to imply an intention to dedicate. Evidence considered, and held to support a submission of the issue as to existence of a way by prescription.

### 3.—Jury—Viewing the Premises.

No abuse of the discretion of the court appeared from his refusal to grant a new trial because certain jurymen during the trial had visited and personally examined the locality where the existence of a public way by prescription was in question.

### 4.—Verdict—Way by Prescription—Location and Width.

In returning a verdict in favor of the establishing of a way by prescription it was proper for the jury to determine the location and width of the way found by them to be so established.

### 5.—Dedication—Railway—Property Held for Public Purpose.

Where real property is held by a railway merely in its corporate capacity, and is not necessary to a public use in carrying on its business, it may dedicate same to use as a public way as may other property owners.

### 6.—Practice on Appeal—Harmless Error.

The verdict having found the establishment of a public way both by dedication and prescription, and no error appearing with reference to the latter issue, errors in the submission of the former are not ground for reversal.

### 7.—Same—Evidence—Partly Admissible.

Overruling an objection to certain evidence as an entirety is not ground for reversal where a part of it is admissible.

Appeal from the District Court of Travis County. Tried below before the Hon. George Calhoun.

The 19th assignment of error was based on the refusal to grant a new trial because three of the jurors, while the trial was in progress, went upon and personally viewed the locality where the existence of a way was in issue and the conditions existing there.

*S. R. Fisher, J. H. Tallichet* and *S. W. Fisher (N. A. Stedman* and *John M. King,* of counsel), for appellant.—The evidence wholly failed to show a dedication by defendant of its lot as a public street or way or a prescriptive right in plaintiff' or the public to such use of said lot, which was admitted and proved to be the property of defendant. De George v. Goosby, 33 Texas Civ. App., 187; Ramthun v. Halfman, 58 Texas, 551; Gulf, C. & S. F. Ry. Co. v. Montgomery, 85 Texas, 64; Worthington v. Wade, 82 Texas, 26; Cunningham v. San Saba County, 1 Texas Civ. App., 480; Gilder v. Brenham, 67 Texas, 345.

*Fiset & McClendon* and *Clarence H. Miller,* for appellee.—Evidence of long continued use by the public establishes the character of the road as public. McWhorther v. State, 43 Texas, 666. See also 1 W. & W., 35. See further on the question of prescription, Elliott on Roads and Streets, secs. 169-172. This author further says, .the extent of the claim and width of the way may depend upon

user. Sec. 174 and note. In Garrett v. Jackson, 20 Pa. St., 331, the court holds that where one uses an easement whenever he sees fit, without asking leave and without objection, it is adverse. An interruption to have effect must be an interruption of the right, and not simply of the use or possession. 2 Greenleaf on Evidence, sec. 545; 2 Dillon on Munc. Corp., 637; Cunningham v. San Saba, 11 Texas Civ. App., 557; Elliott on Roads and Streets, sec. 175, note 4, and page 189, note 2.

Joint user not inconsistent with use by the public does not defeat the prescriptive right. Fitchburg R. R. Co. v. Page, 131 Mass., 391; Webster v. Lowell, 142 Mass., 340; Zimmerman v. Snowden, 88 Mo., 218; Patton v. State, 50 Ark., 54; Toof v. City of Decatur, 19 Ill. App., 204.

FISHER, Chief Justice.—The appellee instituted this suit for the purpose of restraining the appellant from closing up an alleged way on the north side of lot No. 12, in block 29 of the city of Austin, running from an alley that divides the block north and south, to a point on Colorado Street, which lies immediately west of the block, and to have a decree declaring said strip of land a public way, and to perpetually enjoin and restrain the appellant from interfering with its use by the plaintiff and the public.

Plaintiff, as a basis for the relief asked, asserts two grounds: First, a dedication by the railway company of the strip of land in question to public use as a way; second, that the plaintiff and the public have acquired a way over the land in question by prescription.

Upon trial below a verdict resulted in plaintiff's favor for a way 30 feet in width on the north side of lot 12, upon which verdict the court rendered judgment to the effect that the temporary injunction before issued should be perpetuated, and that the appellant, its agents and employes be enjoined and restrained from fencing or attempting any part of the 30 feet, and that a public passway, to the extent found by the jury, be and is established for the use and benefit of the public.

The court in its charge to the jury submitted both the issues of dedication and prescription. The verdict of the jury is general, and we have no means of ascertaining whether or not they found both issues in favor of the plaintiff, or if it is based upon one of the issues, there is nothing apparent upon the face of the record that would indicate which of the two they selected as being established by the evidence. This much is said for the reason that if an inspection of the record would suggest error as to either issue, a reversal of the entire case must follow, because, whilst we might consider that, as to one issue, no error was committed, we have no method of selecting which of the two issues, if less than both, the jury may have found in plaintiff's favor.

In December, 1876, the railway company obtained from the city of Austin the right to use Third Street for its tracks; and in 1876 purchased lot No. 12 in block 29. Block 29 is bounded on the north by Fourth Street, on the south by Third Street, on the east by Congress Avenue, and on the west by Colorado Street. Dividing

the block, running north and south is an alley used for public travel, and has been in such use for years. Lot No. 12 is situated on the southwest corner of the block, and fronts on Colorado Street, and extends east, parallel with Third Street, to the alley. On the north and immediately joining it and fronting on Colorado Street, is lot No. 11, which extends east to the alley, and which has been owned by the plaintiff since 1884. On the east part of this lot when the plaintiff purchased it were buildings, with openings on lot No. 12. In 1884 plaintiff erected a store building on the front part of lot 11. There are gates opening in the enclosure between lots 12 and 11, affording an entrance from lot 12. Plaintiff has for years loaded and unloaded goods from and into his premises from lot 12. During the time involved in this suit, that is, the period of time which it is contended may be considered on the issue of dedication and prescription, the railway company had in use on Third Street, between Congress Avenue and Colorado Street, about four tracks, and one track located on the south side of lot 12, which extended across the south end of the alley to a point near Congress Avenue. In 1888 the railway company built the passenger depot now in use on the south side of and fronting upon Third Street, between Congress Avenue and Colorado Street. About the time the depot was erected the railway company placed posts, with chains extending from each, along the north side of Third Street between Colorado Street and Congress Avenue, and thereby closed up the south entrance to the alley in block 29 from Third Street. The evidence leaves it uncertain as to how long these chains remained in place, and indefinite as to how long a time they caused the alley to be closed. Before the chains were put up and at that time, the plaintiff and the public were using the alley as a public way, and by reason of the entrance to the alley being thus closed, use and travel was diverted from the alley across lot 12 to Colorado Street, which was continuous up to the time of bringing this suit. The spur track of the appellant along the south side of lot 12 and across the alley, was used by it during this time upon which to place and store its cars. And there is some evidence tending to show that at times the south end of the alley was blocked by cars stored on this track. During the time that cars were in place upon this track, there is evidence which tends to show that they were stored there for the purpose of loading and being unloaded, and for this purpose, the appellant used lot No. 12, in driving its teams upon, so as to reach the cars stored on lot No. 12. Lot No. 12, except for a short time prior to the filing of this suit, had been vacant and unenclosed, when upon the attempt of the appellant to enclose same, appellee filed this suit. Since 1900, the time when the exemption from taxation of the International Railroad expired, the appellant has paid taxes on lot 12. And in this connection it is well to say that there is evidence which would justify the inference that the railway company, through its officials, either knew of the existence of such use by the public, or the use was of such a long continuous character as to impute to them notice that the public was so using the property for travel.

There is no evidence of a formal dedication of this property to public use, nor was any declaration to that effect shown; but, as a basis for the verdict and judgment below on the issue of dedication, is it contended that fencing the end of the alley and blocking the same up by cars, coupled with the long continued and uninterrupted use by the public, with knowledge, actual or imputed, was sufficient to establish a dedication.

If there be merit in this contention, it must be determined by a few simple rules of law as applied to the facts. In order to constitute a dedication, it is essential "first, that there be an intention upon the part of the proprietor of the land to dedicate the same to public use; second, that there be an acceptance thereof by the public; and, third, that the proof of these facts be clear and satisfactory. The vital and controlling principle is the *animus donandi,* and whenever this is plainly manifested on the part of the owner of the soil, either by formal declaration or by acts from which it may fairly be presumed, such as should equitably estop him from denying such an intention, the dedication, so far as the owner is concerned, is complete. Without such manifestation of intention by either of said modes, it can not be said that a valid dedication is possible. To make a sufficient dedication the proprietor of the soil must devote the portion thereof intended for public use to such use, and, on the part of the public, it must be accepted and appropriated to that use. The acts on the part of the donor and the public of an intention to dedicate, accept and appropriate the lands to public use, where the dedication is relied upon to support some right, must be clear. A dedication is not an act of omission to assert a right, but is the affirmative act of the donor, resulting from an active and not a passive condition of the owner's mind on the subject. A mere nonassertion of right does not establish a dedication, unless the circumstances establish a purpose or intention to donate the use to the public." Stacy v. Glenn Ellyn Hotel Co., 8 L. R. A. (New Series), 968; Ramthun v. Halfman, 58 Texas, 551; Lamar County v. Clements, 49 Texas, 354; Gulf, C. & S. F. Ry. Co. v. Montgomery, 85 Texas, 67; Worthington v. Wade, 82 Texas, 28; DeGeorge v. Goosby, 33 Texas Civ. App., 187; Evans v. Scott, 83 S. W. Rep., 877; Ayres v. Fellrath, 5 Texas Civ. App., 559; San Antonio v. Sullivan, 4 Texas Civ. App., 451.

The mere acquiescence of the owner in the use of unenclosed lands by the public of a road or way over it, does not constitute a dedication. Worthington v. Wade, Railway v. Montgomery, San Antonio v. Sullivan, supra. And, as said in Flack v. Green Island, 122 N. Y., 107, mere intent signifies nothing. It must be followed by acts. The intent of the owner to give must be followed by an abandonment of his exclusive enjoyment of the thing, and the intent to accept must be followed by use and appropriation of it. And it is said that the establishment of these essential facts must not be left to conjecture, and that when the asserted dedication rests upon an estoppel *in pais,* the evidence should clearly and satisfactorily establish the facts that are necessary to its creation. 9 Am. & Eng. Ency. Law (2d ed.), 36, 37, 38 and 39; City of San Antonio v. Sullivan;

Ayres v. Fellrath; Ramthun v. Halfman, supra. Since by a dedication valuable rights in lands pass from the owner, no presumption of an intent to dedicate arises, unless it is clearly shown by his acts and declarations, or by a line of conduct, the only reasonable explanation of which is that a dedication was intended. 9 Am. & Eng. Ency. Law (2d ed.), 38, and the many cases cited in the notes.

The evidence, when viewed in the light of these principles, is, in our opinion, not sufficient to sustain the verdict and judgment as to the issue of dedication. The evidence is not sufficient to establish an intent to dedicate—that primary and absolutely essential element that must exist in order to create the donation. It is true that affirmative and direct evidence of this fact is not necessary—it may be shown by the conduct and acts and the circumstances from which it is claimed the donation springs. The intent to dedicate need not exist immediately at the time that the public asserts a use; and long continued use, in connection with other facts, may in cases be considered sufficient to establish the intent to donate, although there has been no express declaration to that effect by the donor. But the mere use by the public of unenclosed lands, or an unenclosed lot in a city, without objection by the owner, is not of itself sufficient evidence of an intention to donate; and in order to give effect to long and continued use as some evidence tending to establish a donation there must, in addition, be shown some act and conduct of the owner which unequivocally and with some degree of certainty tends to indicate that such was his intention.

Lot No. 12 was vacant and unenclosed when the appellant purchased it, and continued in that condition during the time involved in this controversy, and during the time it was in use by the public; and when we eliminate the mere use by the public, with the fact of knowledge upon the part of the railway company, there is left in the evidence very little that can be given any probative force in tending to show a purpose, any time during that period, on the part of the railway company to donate any portion of lot 12 to the use of the public.

The other facts upon which the appellee relies as having a tendency to indicate an intention to donate are susceptible of a construction in favor of the railway company consistent with a present use, right and claim of ownership of the property in controversy. At the time that the public was claiming and using a part of the lot in question, the railway company was also using a part of it for trackage purposes, upon which they stored their cars, and upon which they drove or had driven teams for the purpose of loading and unloading freight from and into the cars; and during a period of the time in which it was claimed that the property was so being used by the public, the appellant was paying taxes on the entire lot.

Storing cars across the foot of the alley and running a chain along the north boundary of Third Street at the foot of the alley, can be given very little force as evidence tending to show a purpose and intention to donate a separate and independent piece of property, that is, a part of lot 12, to the public as a passway. The railway

company had the right to store its cars upon the track; and if it be conceded that the permission from the city to use Third Street would not carry with it the right to cut off an entrance to the south end of the alley by the storage of cars or the erection of the posts and chain, it would not be unreasonable to say that this independent act had no connection with the use of lot 12 by the public, or any intention to donate that property to such use. The explanation would not be unreasonable that the alley was closed up and the cars stored there merely to accomplish some private corporate purpose of the appellant. The cars may have been stored there for convenience in loading or unloading, or they may have been stored there temporarily, and the chain may have been put there for the purpose of guarding the public from danger in approaching the tracks from the lot and alley. But whatever may have been the purpose, the evidence does not in our opinion clearly and satisfactorily establish the fact that the intention in obstructing the entrance to the alley was to divert travel across the lot, and to donate the same to the public for the purpose of a passway.

Therefore we are of the opinion that so far as the issue of dedication is concerned, it is not supported by the evidence, and the trial court erred in submitting that issue to the jury.

Now, with reference to the question of prescription, of course, it is conceded that there are important elemental features that will distinguish it from dedication. Evans v. Scott, 83 S. W. Rep., 877. The foundation of the former rests upon an adverse, continuous, uninterrupted use, of such a nature as to impart notice to the owner for such a period of time as would raise a presumption of grant, which in this State is held to be ten years, our longest period of limitation. Therefore, it does not follow from the conclusion that as the evidence to support dedication was insufficient that it was not sufficient to authorize the trial court to submit to the jury the issue of prescription; and, as the case will have to be reversed, we withhold comment upon the sufficiency of the evidence to establish prescription, except to say that, in our opinion, it was sufficient to require the court to submit that issue to the jury.

There are some assignments which complain of the action of the court in overruling demurrers. These assignments are, in our opinion, not well taken.

There are some assignments in which it is contended that the general charge of the court is inconsistent with certain special instructions given at the request of appellant. After a close comparison of these charges, we do not agree with the appellant in its contention.

We are also of the opinion that there was no error in the action of the trial court in refusing to give the special instruction set out in appellant's 16th assignment of error.

The question raised in the 19th assignment will likely not occur upon another trial; but, however, an examination of the record leads to the conclusion that there was no abuse of discretion by the trial court in declining to set aside the verdict on the grounds stated in the assignment.

We are inclined to the opinion that there is merit in the 17th assignment of error, in view of the fact that we have practically eliminated the issue of dedication; but, however, if dedication should be an issue upon another trial, we are inclined to the view that the general conduct of the appellant with reference to enclosing Third Street on both sides might be considered, but we are unable to see the relevancy of that part of the testimony as to what was done with reference to the alley in the block south of Third Street.

There are assignments which complain of the verdict and judgment in establishing upon lot 12 the passway at any particular place and for any particular width. If it could be held that the evidence was sufficient to establish a prescriptive way, the jury had the right, from all the testimony, to designate by its verdict the particular place at which the way should be established, giving its width.

Our conclusion with reference to the evidence relating to dedication practically disposes of the questions raised in the 5th, 6th and 7th assignments of error. But, however, we do not wish to be understood as holding that a railway corporation could not dedicate property to public use. It may be conceded that the property held by it necessary to the performance of its public duties could not be donated; but here there is nothing to indicate but that the property in question upon which the way was fixed was held by the railway company merely in its corporate capacity, and not essential or necessary to a public use in carrying on and conducting its public business.

For the reasons stated the judgment is reversed and the cause remanded.

*Reversed and remanded.*

### ADDITIONAL OPINION.

On the last court day we handed down an opinion reversing the judgment of the trial court. As shown in the opinion, appellee relied upon the two issues of dedication and prescription as a basis for his action. The judgment reversing was based on the ground that the evidence as to dedication was not sufficient. We also construed the verdict as a general finding in favor of the plaintiff, and upon this assumption we reversed, because we held we had no means of determining whether or not the jury rested the verdict upon the evidence establishing the issue of prescription. After another examination of the record, and upon further consideration of this question, we have concluded that a wrong construction was placed upon the verdict, in that instead of being a general finding, it finds both issues in favor of the plaintiff. This being true, the judgment should be affirmed if the evidence is sufficient to support the issue of prescription, and if no error of law was committed at the trial. In the first opinion we held that, with the exception of the action of the court in submitting the issue of dedication, no reversible error was pointed out by the assignments. We still adhere to these views and refer to the original opinion in disposing of the assignments.

The 17th assignment complains of the action of the court in permitting evidence as to what was done by the appellant in obstructing the south side of Third Street, and in closing up the alley in the block on the south side of the track. We think the evidence as to what was done in closing up Third Street was admissible, but doubt the admissibility of the evidence relating to the alley south of the depot. But, however, if it was not admissible, the appellant is in no position to complain, as the objection is as to the whole of the evidence as to what was done south of the track. If a part of the evidence relating to a transaction is admissible, although a part is not, a general objection to the entire evidence is properly overruled. Furthermore, the mere admission of evidence showing a closing of the alley in the block south of the track would have little, if any, effect in influencing a verdict, certainly not of sufficient importance upon which to base a judgment of reversal.

The question remains whether the evidence upon the issue of prescription is sufficient to support the verdict. We will not discuss the facts upon this subject, but merely hold that there was sufficient evidence to support the verdict and judgment on the issue of prescription. For the other questions raised in the assignments, reference is made to the original opinion.

Judgment reversing and remanding is set aside, and judgment of the trial court is affirmed.

*Affirmed.*

Writ of error refused.