### SURFACE v. ATASCOSA COUNTY.
### (No. 6801.)

(Court of Civil Appeals of Texas. San Antonio. Oct. 25, 1922.)

**1. Dedication ☞17—Offer to give land for new road if old one closed sufficient to give county the land in the new road.**

Whether or not the county had a prescriptive right in an old road, where the owner of the land across which it ran offered to give land for a new road if the county would close the old road, and the offer was accepted, and the old road closed, and new one opened and fenced, with the owner's knowledge, there was a donation to the county sufficient to give it the land embraced in the new road.

**2. Dedication ☞1—Need not be in writing.**

Where landowner offered to give land for a new road if the county would close the old one, it was not essential that the dedication should be made in writing.

**3. Dedication ☞1—Complete when offer accepted.**

The very moment that a landowner offered land to the county for road purposes, and the county accepted it, the dedication became complete.

**4. Dedication ☞1—Donation as effective as condemnation.**

A donation of land for road purposes is just as effective as condemnation proceedings.

**5. Dedication ☞48—Purchaser of land knowing of donation of land for a road had no valid claim thereto.**

Where a purchaser of land knew of a road, land for which had been donated by the vendor, and had been recently opened and fenced, but moved on the land and built a house fronting on the new road, she took the land just as it left the vendor's possession, with the new road running across it, and had no valid claim to the land embraced therein.

Appeal from District Court, Atascosa County; J. F. Mullally, Judge.

Suit by Mattie E. Surface against Atascosa County. From a judgment for defendant, plaintiff appeals. Affirmed.

Wm. Church and Davis & Wright, all of San Antonio, for appellant.

R. R. Smith and Walter E. Jones, both of Jourdanton, for appellee.

FLY, C. J. Appellant sued appellee to recover 3.19 acres of land, which was being used as a public road by appellee. Appellee answered that the land was a public road, and had been used as such since 1916; that the land had been obtained for public road purposes from O. P. Storms, who owned it, in exchange for another public road which ran across another part of Storm's land. The cause was tried without a jury, and judgment rendered in favor of appellee.

The court filed the following conclusions of fact, which are adopted by this court:

"(1) In the year 1916, O. P. Storm, of Dallas county, was, and for some time prior thereto had been, the owner of a tract of land situated in Atascosa county, containing about 524 acres described in plaintiff's petition. A winding road across the northern part of said land had been used by the public as a public road for more than ten years prior thereto.

"(2) On December 9, 1916, a petition was presented to the county commissioners' court by property owners acting for the convenience of themselves and of the public generally, asking for the opening of a new 40-foot road across said property, and asking that, in consideration of the opening of said new road, the old winding road be closed, and that the property occupied thereby revert to Storm, the owner of the tract. In connection with said petition a letter from Storm was presented to the commissioners' court in which he consented to the opening of the new road, provided that same should be graded and clayed and fenced on both sides with four-wire fences, and that the old road be closed. The court entered an order granting said petition "provided that said new (road) be opened at the expense of the parties of interest, and, after the opening of said new road, that said old (road) be closed.

"(3) Thereupon, a new, straight road 50 feet wide was promptly opened across said land, connecting with existing roads at each end, was graded and clayed and fenced on both sides with four-wire fences, and has ever since been used as a public road, and the old winding road was closed, and has not since been used. The value of the labor and material required to make and fence the new road was

$1,146, which was paid for largely, if not wholly, by the parties desiring the new road. There is no record or evidence that the county paid or was asked to pay any part of the cost of said road.

"(4) In May, 1917, O. P. Storm sold and conveyed said tract of about 524 acres of land to B. F. Surface for a valuable consideration. In the deed of conveyance said road across the land is not mentioned.

"(5) Before purchasing the land from O. P. Storm the said B. F. Surface and his wife, Mattie E. Surface (plaintiff in this suit), inspected the land and saw the said new road, which had at that time been completed and fenced and was in use as a public road.

"(6) B. F. Surface died February 6, 1918, leaving a last will by which he left all his property to his wife, Mattie E. Surface, and named her as independent executrix without bond. This will was duly probated in Bexar county, and Mattie E. Surface is now in possession of the estate so left to her.

"(7) The road opened as above stated is the 3.19 acres sued for in this case."

The facts showed that the old road across Storm's land had been there and had been used by the public for more than 50 years before he consented to having a new road opened at another place on his land in consideration of an abandonment of the old road, which was a crooked road, and much more burdensome to the land than the new, and Storms, while he was owner of the land, acknowledged the right of appellee to the land, and appellant and her husband bought the land with full knowledge of the road being thereon, and made no objection to the road or claimed the land until this suit was instituted in 1921.

[1-4] The evidence was ample to establish a prescriptive right of the county in the old road which was abandoned in lieu of the land for the new road. The owner of the land acknowledged the right of the county to use the old road, and treated with it on that basis. But, suppose the prescriptive right of the county had never arisen so far as the old road was concerned; the new one was donated to the county by Storms and that was sufficient to give the county the land. The evidence showed that the county of Atascosa was preparing to condemn the land in controversy for road purposes when Storms, owner of the land, wrote a letter stating that he would give the land for the new road if the county would close the old road across his land. The offer was accepted, and the old road closed and the new one opened. The road was opened and fenced with the knowledge and full consent of O. P. Storms, who owned the land. The land was given by Storms to the public for a road, and it was not essential that the dedication should be made in writing. The very moment that Storms said that he gave the land to the county for road purposes, and the county accepted it, the dedication became complete. Elliott, Roads and Streets, §§ 136 and 137, and numerous decisions cited in footnotes. A donation of land for road purposes is just as effective as condemnation proceedings. Race v. State, 43 Tex. Cr. R. 438, 66 S. W. 560.

[5] It is of no importance whatever whether the old road was a public highway or a private path; the new one was dedicated by Storms to public road purposes, and appellant, as his vendee, has no right to the land. She not only knew the road was there, and had been recently opened and fenced, but she and her husband moved on the land and built a house fronting on the new road. The vendees of O. P. Storms took the land just as it left the possession of Storms, with the new road running across it. They have no valid claim to the land.

The judgment is affirmed.