## ADKINSON v. GREEN et al. (No. 3635.)

Court of Civil Appeals of Texas. Texarkana. Jan. 17, 1929.

T. H. Briggs, of Gilmer, for appellant.

Florence & Florence, of Gilmer, for appellees.

WILLSON, C. J. (after stating the facts as above). Appellant insists the conclusion that a road over his land existed by prescription was not warranted by the evidence, and that the trial court therefore erred when he rendered judgment in appellees' favor on that ground. It is urged that it appeared the use made of the claimed road was permissive on appellant's part, and that a prescriptive right could not be based on such use of land as a road. So far as the contention is as to the law applicable, it is clear it should be sustained, for "adverse, continuous and uninterrupted use for ten years" is held to be indispensable to the existence of an enforceable right to use land as a road by prescription. International & G. N. Ry. Co. v. Cuneo, 47 Tex. Civ. App. 622, 108 S. W. 714, and Evans v. Scott, 37 Tex. Civ. App. 373, 83 S. W. 874, where many authorities are cited in a rather full discussion of the principle. And we think the contention also should be sustained so far as it is as to the evidence, for, as we understand it, the evidence indicated that the use made of the land as a road was permissive and not adverse. The only evidence, which reasonably could be construed as tending in the least to show that the use of the land was under a claim of a right to so use it, was that showing that 25 or more years before the trial the "Old Cherokee Trace Road" ran over the land at or near the place where the claimed road ran over same. Any probative effect that testimony might otherwise have had was overcome, we think, by uncontradicted evidence showing the "Old Cherokee Trace Road" to have been so changed 25 years before the trial as to run around instead of over appellant's land. The evidence strongly indicated that during the 17 or 18 years appellant had owned the land the right to use the claimed road was never on the theory of a continued existence of the "Old Cherokee Trace Road," but always on the consent of appellant to such use.

The judgment will be reversed, and the cause will be remanded to the court below for a new trial.