**MILLER et al. v. MORAVIETZ.**
No. 2362.

Court of Civil Appeals of Texas. Beaumont.
March 30, 1933.

Horace E. Wilson, of San Antonio, and W. S. Ethridge, of Bandera, for appellants.

Hull & Oliver, of San Antonio, for appellee.

WALKER, Chief Justice.

On the verdict of the jury that appellee, Paul Moravietz, and the public generally, continuously used and traveled the road, described in appellee's petition, across the land of appellants, substantially along and upon the same route, for a period of ten years or more next preceding January 1, 1930, that such use and travel was exclusive and adverse against appellants and J. A. Miller, under whom appellants hold, and that such use of the roadway was without the permission or license of appellants or J. A. Miller, the judgment of the lower court ordered appellants Mrs. J. A. Miller, surviving wife of J. A. Miller, deceased, and Miss Minnie M. Miller, by a mandatory injunction, to provide and allow openings or gates in the fences which they had built across the road, established by the jury's verdict, and forever restrained and enjoined them from molesting and interfering in any manner with appellee and the public generally in the use of the road. By the judgment the road was described as follows:

"That said road leaves the San Antonio-Bandera highway at a point about One Hundred Eighty-five (185) yards West of the corner of the defendants' said tract of land where same joins the land owned by Mrs. H. L. Atkins, as herein described, and passes through a gate in a fence; and thence with the meanders of said road in a Southeasterly direction across the land of Mrs. Atkins to a point about Three Hundred Thirty-five (335) yards in a Southerly direction on the line of the said Miller tract and the said Atkins tract where said road passes through a gate in a fence situated on the Miller-Atkins line; Thence in a Southeasterly direction with the meanders of said road across defendants' herein described tract of land, a distance of about Eight Hundred Sixteen (816) yards, where same passes through a gate in the fence on the line between the defendants' herein described tract of land and the land of Homer Stevens; that said road over said distance is a plain, distinct and well-marked

road, having in its entire length well-defined ruts, marks and tracks at all points on same where it leaves the San Antonio-Bandera highway, as herein described, to the point where it reaches plaintiff's house, and beyond."

The road was described in appellee's petition as in the judgment. All exceptions against this description are overruled. The "well defined ruts, marks and tracks" at all points from the beginning point of the road to appellee's house and beyond were sufficient to identify its location upon the ground. International & G. N. Railway Co. v. Cuneo, 47 Tex. Civ. App. 622, 108 S. W. 714.

Appellants bring forward special exceptions against appellee's allegations of necessity, special damages, and his prayer to fix and define and prescribe the limits of the road prayed for, if mistaken in the allegations of its specific location. As none of these issues, and other special issues excepted to, were submitted to the jury or entered into the judgment, the rulings on these special exceptions become immaterial.

As appellee had pleaded a prescriptive use of the road in favor of the general public, it was not error to submit this issue to the jury and enter judgment on that issue, as found by the jury, in favor of the general public.

The charge of the court defined "adverse use" as meaning "any actual and visible use and appropriation of said land over which said road runs, for road purposes, commended and continued under a claim of right inconsistent with and hostile to the claim of the defendants and J. A. Miller." Appellants have brought forward by their brief no exceptions to this charge except to say that the "definition is not in accord with the decisions cited herein"; and, as part of this exception, say that the court should have submitted the following definition, which was cited with approval in Phillips v. Railway Co. (Tex. Com. App.) 296 S. W. 877:

"You are instructed that the mere use of defendants' land by the plaintiff as for a roadway is insufficient of itself to establish a roadway by prescription. The user must be adverse and hostile to the rights of the owner and under color or claim of right so to use the land. A user by license or permission of the owner of the land sought to be impressed with such an easement of travel, is not adverse, and affords no basis for prescription, where the owner did not consent to the user of his land by the plaintiff as of right. In order to create a roadway over lands by prescription the user must be exclusive; that is, it must be such as to show a claim of right to use the land as a roadway to the exclusion of any individual right of the owner inconsistent therewith."

The definition as given was sufficient to enable the jury accurately to answer the issues submitted, and has support in Panhandle & S. F. Railway Co. v. Hoffman (Tex. Civ. App.) 250 S. W. 246.

The verdict of the jury on all issues submitted has abundant support in the testimony. The evidence was without conflict that the road in issue had been in general use more than fifty years. It was used during this time by appellee and his father, by all the people in that section of the country, by the doctor who practiced medicine for the people who lived in that section of the country, and the use of the road was as general and universal as if it had been regularly established as a public road. Occasionally it was worked by the citizens who used it. Appellee himself worked it now and then. Many witnesses testified for appellee that they used the road as if it were a public road, without asking the consent of appellants and without any thought of asking their consent.

Under the following authorities, the testimony fully supports the verdict of the jury on all issues submitted. Porter v. Johnson (Tex. Civ. App.) 151 S. W. 599; Railway Co. v. Cuneo, supra; Race v. State, 43 Tex. Cr. R. 438, 66 S. W. 560; Evans v. Scott, 37 Tex. Civ. App. 373, 83 S. W. 874; Martinez v. Vidaurri (Tex. Com. App.) 275 S. W. 999, reversing Court of Civil Appeals, 260 S. W. 651; Gulf, C. & S. F. Railway Co. v. Bryant (Tex. Civ. App.) 204 S. W. 443; Robison v. Whaley Farm Corp., 120 Tex. 633, 37 S.W.(2d) 714.

Affirmed.