## MILLER et al. v. GOLDENBAGEN et al.
### (No. 8305.)

Court of Civil Appeals of Texas. San Antonio. Jan. 8, 1930.

Rehearing Denied Feb. 19, 1930.

Conger & Conger, of San Antonio, for appellants.

J. R. Garnand and R. R. Smith, both of Jourdanton, for appellees.

COBBS, J. Appellees sued appellants, alleging that for more than 30 years there has been a community public road, sometimes known as the Galvan school road, running from said schoolhouse in a westerly direction with various meanders to the Poteet road and San Antonio public road, used by the community and public generally, openly and notoriously and continuously and adversely to the claims of said defendants, as well as to all the world, as a public road during all said years; that about 12 years ago, and more than 10 years ago, prior to the time of defendants' complaint, the location of said Galvan school road across a part of the H. A. Miller land was changed to its present location, at the request and suggestion of said defendant H. A. Miller, and for his convenience; the former location of said road being then abandoned, and the new location accepted by the public in lieu of said original location.

The general condition of the road lies in deep soft sand, which has been clayed between the house and lands of said defendant and the Poteet and San Antonio public road. That work was done about the time the change was made in the road and as a part of the consideration to H. A. Miller for the permitted change in the location of said road, and as a part of the work and acts dedicating and recognizing said way as a public road. It was of great advantage and convenience to H. A. Miller, in that it improved the road leading to his premises. Generally stated, the said road as located is of great convenience and a necessity to plaintiffs and others residing in said community, and to the public generally, and as a part of the appurtenances of plaintiffs' lands. There are no other public roads available to the people living in the community, which go from their farms to the post office, public school, and to the trading center. It was alleged that it is a road of necessity.

The road was unlawfully closed on or about June 11, 1929, by defendants, and the defendant Nanny was placed as a guard over the same; and the plaintiffs alleged that there is no other way out from the farms of plaintiffs to the post office, school, and markets, except a winding road through deep unclayed sand, which is at this time impassable with automobile trucks.

Defendants answered by way of general demurrer, special exceptions, general and special answers, denying all the allegations. The case was tried by the court without a jury, and judgment rendered for appellees, who were the plaintiffs below.

This road was never laid out, used, or worked as a public road by any order or authority of any common court. If a public or private road, it is one that arises from prescription or user for a certain length of time, independent from any statutory regulation.

■ There is no doubt that a right of way or user over lands may be acquired by a long-continued use as by prescription as completely as by condemnation.

■ We think under the facts in this case an easement has been created and acquired, by long use, occupation, and acquiescence on the part of the owners and by use of the public, to pass to appellees the right to use the property in question.

The road is sufficiently designated, worked, and used to constitute a roadway of sufficient identification. Miller himself stated: "There has always been a road through this property. It used to go around by where my house is, then towards where Will (Miller) lives."

We think, perhaps, all the questions involved in this case are disposed of by the decision of this court in Vidaurri v. Martinez, 260 S. W. 651.

We see no error in the ruling of the trial court, and the judgment is affirmed.