## HABY v. HICKS et al.
### No. 9125.

Court of Civil Appeals of Texas. San Antonio.

June 14, 1933.

Rehearing Denied July 1, 1933.

L. J. Brucks, of Hondo, and W. S. Ethridge, of Bandera, for appellant.

Ditzler H. Jones, of Uvalde, for appellees.

MURRAY, Justice.

F. A. Hicks, J. A. Hicks, D. B. Hicks, F. D. Padgett, Alma Padgett, Emma Mazurek, S. Mazurek, and Mary Hicks, appellees herein, instituted this suit in the district court of Bandera county seeking an injunction against J. A. Haby, appellant herein, to prevent him from locking the gates upon a certain alleged public road in Bandera county.

Appellees alleged that this road had been lawfully established by proper authority in 1892, and also alleged that the road had been established by prescription. In the end, appellees relied entirely upon a road established by prescription. The case was submitted to a jury upon two special issues, the jury returning answers favorable to appellees, and the court entered judgment as prayed for by appellees. Appellant has appealed.

On April 11, 1927, a petition was presented to the commissioners' court of Bandera county asking for the establishment of a road across appellant's land. This petition was signed by D. B. Hicks and J. A. Hicks, and appellant contends it was made with the full knowledge and acquiescence of all of appellees. The trial court excluded both the petition and oral testimony offered with reference to the same. There was no error in this. The evidence shows a continuous use of this road from 1892 up to the time this petition was filed. The prescriptive right had matured long before the filing of this petition. Furthermore, a person does not lose his prescriptive right to a road by asking that it be legally established. G., H. & S. A. Ry. Co. v. Baudat, 18 Tex. Civ. App. 595, 45 S. W. 939.

Appellant contends that the use of the road in question was not adverse because he maintained gates on the road and those using the road opened and closed the gates and thereby recognized his dominion over the road, and the "user" was therefore permissive. It might be pointed out with equal force that the maintaining of the gates and keeping them unlocked was an acknowledgment on the part of appellant of the right of appellees to the road. At most, the fact that gates are maintained on a road is just a circumstance which the jury may consider in passing upon the nature of the "user." Davis v. Meckel (Tex. Civ. App.) 57 S.W.(2d) 622.

Appellant complains that the judgment decrees the road to be twenty feet wide and to be a road of the third class. An attempt was made in 1892 to lay out and establish this road as a third-class road, twenty feet wide, after which time it was so accepted and used. While the proceedings were imperfect, the prescriptive right supplied these defects and the adverse "user" established the road as fully as if these proceedings had been perfect. 29 C. J. 382, § 14.

Furthermore, when a road is established by prescription, the right is not limited by the beaten path used, but may be made to include sufficient land for drainage ditches, repairs, and the convenience of the traveling public. Twenty feet would not be an unreasonable width. 29 C. J. 388, § 23.

The judgment is affirmed.