## YTURRIA TOWN & IMPROVEMENT CO. v. HIDALGO COUNTY et al.

### No. 10437.

Court of Civil Appeals of Texas. San Antonio.

Feb. 15, 1939.

Rehearing Denied March 15, 1939.

Cameron & Hardin, of Edinburg, for appellant.

James R. Norvell and A. J. Ross, Jr., both of Edinburg, and R. E. Kirkpatrick, of Mercedes, for appellees.

MURRAY, Justice.

This is an appeal from an order refusing an injunction against Hidalgo County and its officers. The injunction sought would have prohibited Hidalgo County and its proper officers from opening up a road, about 1500 feet long, across Porcion No. 44, located in Hidalgo County, belonging to Yturria Town and Improvement Company. The road attempted to be opened up was alleged to be a part of the old Military Telegraph Highway, which had existed for many years in Hidalgo County.

The trial court first granted a temporary restraining order, but upon a hearing on the merits, in keeping with the findings of a jury, refused to grant a permanent injunction. Yturria Town and Improvement Company has appealed.

Appellant's first assignment of error and proposition complain of the action of the trial court in refusing to have the names of the jury drawn as is provided for by Art. 2140, R.C.S.1925. We overrule this assignment. In the first place appellant does not show that prejudice resulted to it by reason of the fact that the names of the jurors were not drawn. Galveston, H. & S. A. Ry. Co. v. Wessendorf, Tex.Civ. App., 39 S.W. 132. In the second place, Hidalgo County being a county with sufficient population to come under the jury wheel law, Art. 2094, Vernon's Ann.Civ.St. art. 2094, the names of the prospective jurors are drawn from the jury wheel and therefore Article 2140 has no application in such a county. It is obviously unnecessary to draw the names of the prospective jurors twice and such is not the intention of the law.

■ The map of the International Boundary Commission, together with the printed matter accompanying it, was properly admitted in evidence, because it was more than thirty years old, came from a proper custody, and was free from suspicion. Flores v. Hovel, Tex.Civ.App., 125 S.W. 606.

■ Robert W. Spaulding was permitted to testify, over appellant's objection as to certain uses that could be made of the road in controversy herein. Even though this testimony be construed as bearing only on what use Spaulding or his company would make of the road, it would nevertheless be admissible in evidence. An effective way of showing that a road would be of public benefit is to show what benefit it would be to each individual affected thereby as these individual's taken collectively constitute the public. McCloskey v. Heinen, Tex.Civ. App., 266 S.W. 193; 21 Tex.Jur. 568.

■ Appellant contends in effect that the evidence does not support the finding of the jury that there was a necessity for the road in controversy. We think such finding is amply supported by the evidence. The following testimony given by the witness, Edward Daskam, is very much in point: "It would be an advantage, as it would relieve the paved highway, which runs by the house, from congested traffic at times, and particularly the movement of heavy machinery, such as gravel working machinery, oil rigs and such machinery, and also for driving cattle or horses along the road, where there is danger of being killed when you attempt to drive them along the paved highway; and, furthermore, in moving articles from the district of Los Ebanos (indicating on map), with that road blocked (indicating), you have to go out of the way, and it inconveniences our cotton farmers to a certain extent, most of them have their carts drawn by mules or horses, and they find it difficult to take the paved highway, and make the turns (indicating) against fast moving cars."

■ The evidence also supports the jury finding that the public generally, under a claim of right, used the particular strip of road in question for a period of ten years prior to the year 1909, without interruption or substantial change.

■ Due to a change which was made in the old Military Road in the year 1909, appellees were cast in the burden of showing a prescriptive right fully acquired prior to that date. They offered a witness, Alberto T. Tagle, Sr., who first traveled the old Military Road in 1881. He peddled goods from the old town of Hidalgo to the west end of the county, traveling the road as often as twice a week. It was called the Military Telegraph Road because there was a telegraph line there. The first time the witness saw the telegraph line it had wooden posts, but later they took these posts down and put up iron tubing. The telegraph posts came right along the side of the road. He continued to use the road as late as 1905. It was the only road over which to travel. Other witnesses testified to similar facts. We think the evidence amply supported a finding of a prescriptive right. Spradley v. Hall, Tex.Civ.App., 54 S.W.2d 1054; Money v. Aiken, Tex.Civ.App., 256 S.W. 641; Miller v. Goldenbagen, Tex.Civ.App., 24 S.W.2d 773.

■ In view of the fact that the prescriptive right is here asserted against appellant and its predecessors in title, we overrule appellant's contention that it was necessary for appellees to show that neither appellee nor its predecessors in title were laboring under any legal disabilities at the time of the running of the prescription period. The true rule in Texas is stated in Martin v. Burr, 111 Tex. 57, 228 S.W. 543. See also, Foster v. Patton, Tex.Civ.App., 104 S.W.2d 944; Callan v. Walters, Tex. Civ.App., 190 S.W. 829.

■ We also think there was no error in allowing a road sixty feet wide. When a road is established by prescription, the right is not limited by the beaten path used, but may be made to include sufficient land for drainage ditches, repairs and the convenience of the traveling public. Haby v. Hicks, Tex.Civ.App., 61 S.W.2d 871.

The jury decided all disputed facts in favor of appellees and we find no error in the judgment rendered in keeping with such findings which denied to appellant the injunctive relief sought.

The judgment is affirmed.