**LONE STAR GAS COMPANY,**
Petitioner,

v.

**The HOWARD CORPORATION,**
Respondent.

No. B–7160.

Supreme Court of Texas.

May 3, 1978.

Joe N. McClendon, Jackson, Walker, Winstead, Cantwell & Miller, Jack Pew, Dallas, for petitioner.

Roach & Robertson, John L. Roach and Myra E. Little, Dallas, for respondent.

PER CURIAM.

Howard Corporation entered into a contract with Lone Star whereby Lone Star purchased substantial quantities of gas from Howard at a particular price. The contract contained a "favored nations" clause. Under the substance of this clause, Howard would be paid an increased price for gas if Lone Star purchased gas from others in the same designated area at a higher price than that payable to Howard and when "such [other] price was payable for gas of *like character* to that being purchased from Howard, and that the gas was taken under *substantially similar* provisions . . .." [Emphasis ours.] The provisions of the contract are set out more fully in the opinion of the Court of Civil Appeals. 556 S.W.2d 372.

The case was tried to the court without a jury. The court found that the above conditions were present; i. e., that Lone Star had paid a higher price to others for gas taken under substantially similar provisions for gas of like character. The court, therefore, held that Lone Star was obligated to pay Howard the higher price. Judgment, after a remittitur, was entered for Howard. The judgment was affirmed.

We granted writ of error to review the "no evidence" points of Lone Star; i. e., that there was no evidence that the gas was of like character or that it was taken by Lone Star under substantially similar provisions.

After having heard oral arguments in connection with the written briefs, it is the opinion of this court that there is evidence to support the fact findings of the trial court. The Court of Civil Appeals, therefore, reached a correct result.

The factual determinations, and this review, are based on the contract in question. It is not, therefore, necessary to apply, or to reach, the test applied in *Louisiana-Nevada Transit Co. v. Woods*, 393 F.Supp. 177, by a federal district court of Arkansas in 1975.

We also agree with the holding of the Court of Civil Appeals as to attorneys' fees.

Accordingly, the court is of the opinion that the writ of error was improvidently granted. The order granting the writ is set aside; and the writ of error is refused, no reversible error.