Anita Alvarado TREVINO et al., Appellants,

v.

Juanita MUNOZ et al., Appellees.

No. 16079.

Court of Civil Appeals of Texas, San Antonio.

May 30, 1979.

John F. Dominguez, Mercedes, Ricardo Flores, Weslaco, for appellants.

Frank R. Nye, Jr., Rio Grande City, C. H. Duvall, Guerra & Duvall, Roma, for appellees.

## OPINION

KLINGEMAN, Justice.

This is a trespass to try title suit, involving a tract of 24.908 acres of land, which was brought by Anita Alvarado Trevino, Marcela Alvarado, Juan Alvarado, Enrique Alvarado, Manuel Alvarado, Gerardo Alvarado, Jr., Jose Alvarado, Fabriciana Alvarado Escamilla, Elena Alvarado del Bosque and Benito Alvarado, against Juanita Munoz and Eusebio Munoz, in the district court of Starr County, Texas. The parties will hereinafter be referred to as they were in the trial court. Defendants answered by a plea of "not guilty" and also specially pleaded the ten-year statute of limitations.[1] Trial was to the court which entered judgment that plaintiffs take nothing against defendants, and awarded defendants Juanita and Eusebio Munoz fee simple title to said tract, subject only to the interest of third-party defendant Agapita Munoz in such lands, in accordance with an agreement of said defendants. The interest of Agapita Munoz is not here litigated.

The trial court filed findings of fact and conclusions of law, which may be summarized as follows:

### FINDINGS OF FACT

(1) Defendants Juanita Munoz and Eusebio Munoz or their predecessor in title, Florentino Munoz, had prior possession of the lands involved before plaintiffs became involved with the land.

(2) Such defendants have had peaceful and adverse possession of the lands in-

---

1. Article 5510 provides in part that

[a]ny person who has the right of action for the recovery of lands, tenements or hereditaments against another having peaceable and adverse possession thereof, cultivating, using or enjoying the same, shall institute his suit therefor within ten years next after his cause of action shall have accrued, and not afterward.

Tex.Rev.Civ.Stat.Ann. art. 5510 (Vernon 1958).

volved, using the same for pasturing and grazing of cattle and horses each and every day of each and every year, continuously, under fence, for ten years prior to the institution of this suit.

(3) While plaintiffs or their predecessors occasionally visited said lands they were never actually in possession of such lands.

(4) Plaintiffs' deeds do not adequately describe the lands in question as being the lands in this suit.

(5) Defendants Juanita Munoz and Eusebio Munoz did not recognize plaintiffs as the owner or ever acknowledge the title claimed by plaintiffs.

(6) Florentino Munoz did not possess said lands under authority of plaintiffs and was not the tenant of plaintiffs.

(7) Juanita Munoz and Eusebio Munoz did not have possession of such lands under authority of the plaintiffs, nor were they tenants of plaintiffs.

(8) Defendant Eusebio Munoz ousted plaintiffs when plaintiffs attempted to dispossess him.

(9) The interest of Agapita Munoz originated from her father Eusebio Munoz and said interest was not litigated between her and her father.

## CONCLUSIONS OF LAW

(1) Defendants' prior possession was a legally superior title to the title which plaintiffs tried to prove, and defendants are entitled to judgment that plaintiffs take nothing by their suit.

(2) Defendants' possession of the land based on the ten-year adverse possession statute is a superior title to the plaintiffs' claim of title, and defendants are entitled to recover title to this land.

(3) Plaintiffs, who had the burden of proof, failed to prove a superior title to that of the defendants in possession, and plaintiffs should take nothing by their suit as to this tract of land.

(4) Defendants should recover title and possession based on the ten-year statute of limitations.

Plaintiffs' three points of error on appeal assert that the trial court erred (1) in not rendering summary judgment for plaintiffs; (2) in not rendering judgment for plaintiffs because they proved ownership of the land; and (3) in rendering judgment for defendants, because defendants did not establish title by adverse possession, and because defendants recognized plaintiffs' superior title.

In a trespass to try title suit the plaintiff is required to affirmatively establish his title. *Land v. Turner,* 377 S.W.2d 181 (Tex.1964); *Hejl v. Wirth,* 161 Tex. 609, 343 S.W.2d 226 (1961); *Doria v. Suchowolski,* 531 S.W.2d 360 (Tex.Civ.App.—San Antonio 1975, writ ref'd n. r. e.). The plaintiff must recover on the strength of his own title and not on the weakness of his opponent's title. *Adams v. Rowles,* 149 Tex. 52, 228 S.W.2d 849 (1950); *Gillum v. Temple,* 546 S.W.2d 361 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n. r. e.); *Perkins v. Smith,* 476 S.W.2d 902 (Tex.Civ.App.—Houston [14th Dist.] 1972, writ ref'd n. r. e.); *Niendorff v. Wood,* 149 S.W.2d 161 (Tex.Civ.App.—Amarillo 1941, writ ref'd). If the plaintiff fails to affirmatively establish his title, judgment must be entered for the defendant, and there is no necessity of determining whether the defendant has title to the premises. *Hejl v. Wirth,* 161 Tex. 609, 343 S.W.2d 226 (1961); *Gillum v. Temple,* 546 S.W.2d 361 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n. r. e.).

A plaintiff can affirmatively establish his title under any one of four different methods: (1) by proof of title emanating from the sovereign of the soil to the plaintiff; (2) by showing a superior title in plaintiff which arises from a common source of title under which the defendant claims; (3) by adverse possession; or (4) by prior possession from a time which antedates the defendant's possession of the land. *Land v. Turner,* 377 S.W.2d 181 (Tex.1964); *French v. May,* 484 S.W.2d 420 (Tex.Civ.App.—Corpus Christi 1972, writ ref'd n. r. e.).

The trial court made extensive findings of fact which have heretofore been set

forth. On this appeal, plaintiffs have made no assignments of error challenging the sufficiency of the evidence supporting any finding of fact which the trial court made. As a general rule, where the sufficiency of the evidence supporting the trial court's findings of fact has not been challenged, an appellate court will accept the findings as a correct recitation of the facts. *Lovejoy v. Lillie,* 569 S.W.2d 501 (Tex.Civ.App.—Tyler 1978, writ ref'd n. r. e.); *Zelios v. City of Dallas,* 568 S.W.2d 173 (Tex.Civ.App.—Dallas 1978, writ ref'd n. r. e.); *Williams v. Finley,* 567 S.W.2d 611 (Tex.Civ.App.—Amarillo 1978, writ ref'd n. r. e.); *Bilek v. Tupa,* 549 S.W.2d 217 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n. r. e.).

█ The trial court's findings of fact carry the same weight as a jury's finding. An appellate court is bound by such findings if there is competent evidence in support thereof; and the trial court's findings will not be disturbed on appeal unless so against the great weight and preponderance of the evidence as to be manifestly wrong. *Church of Life v. Elder,* 564 S.W.2d 111 (Tex.Civ.App.—Beaumont 1978, no writ); *Tenneco, Inc. v. Polk County,* 560 S.W.2d 416 (Tex.Civ.App.—Beaumont 1977, no writ); *Lone Star Gas Co. v. Howard Corp.,* 556 S.W.2d 372 (Tex.Civ.App.—Texarkana 1977), *writ ref'd n. r. e. per curiam,* 568 S.W.2d 129 (Tex.1978); *Moore v. Werner,* 418 S.W.2d 918 (Tex.Civ.App.—Houston [14th Dist.] 1967, no writ); *City of Garland v. S. H. Lynch & Assoc.,* 413 S.W.2d 480 (Tex.Civ.App.—Dallas 1967, no writ). Even if we were to consider plaintiffs' points on this appeal as a challenge to the sufficiency of the evidence, we have concluded after carefully examining the record that there is sufficient evidence to support all of the trial court's material findings of fact.

█ The testimony as to record title is vague, confusing and incomplete. Although there are some references in the testimony to deeds on which plaintiffs apparently rely to support their claim of title, such instruments were not properly introduced into evidence and it is not possible to trace the record title under the record before us. It was not incumbent on defendants to establish record title, but it was necessary for plaintiffs who brought this trespass to try title action to affirmatively establish their title, and their right to recovery depends on the strength of their own title and not on the weakness of defendants' claim.

Plaintiffs here failed to show either (1) a title emanating from the sovereign of the soil, (2) a superior title arising from a common source; (3) adverse possession of the premises; or (4) prior possession at a time which antedated the defendant's possession of the land. Plaintiffs did not meet the burden of affirmatively establishing their title and the trial court did not err in decreeing that they take nothing against defendants.

█ In addition to their plea of "not guilty," defendants specially pleaded the ten-year statute of limitations. There is ample evidence in the record to support the trial court's finding and judgment that defendants had peaceful and adverse possession of the lands involved for a period sufficient to perfect title under the ten-year statute of limitations.[2]

█ Plaintiffs also contend that defendants recognized a superior title in plaintiffs and, therefore, judgment should be granted for plaintiffs. The testimony on which plaintiffs rely in this connection is vague and unconvincing. The evidence, which plaintiffs urge amounted to a recognition of

2. The gist of the testimony as to adverse possession is that defendants and Florentino Munoz, now deceased, have had peaceful and adverse possession of said premises continuously from the early 1940's until 1969, at which time plaintiffs originally brought this action, and that during such period of time the Munoz family has maintained, grazed, and raised cattle thereon; that said premises were enclosed by fences which have been maintained and kept in good repair by the Munoz family; that such possession and use by the Munoz family was continuous and undisturbed; and that during such time the Munoz family was claiming the land as its own.

their title, concerns transactions at a time subsequent to the perfection of title by defendants under the ten-year statute of limitations. In *Republic National Bank of Dallas v. Stetson,* 390 S.W.2d 257 (Tex. 1965), the Supreme Court of Texas held that a limitation title, once consummated, is as full and absolute as any other perfect title, and it is not lost either by a subsequent oral statement by the limitation owner that he never intended to claim by limitations or by an acknowledgment of tenancy by one who already has proved a limitation title. *See also Bruni v. Vidaurri,* 140 Tex. 138, 166 S.W.2d 81 (1942); *Franklin v. Smith,* 265 S.W. 715 (Tex.Civ.App.—Galveston 1924, writ ref'd); *Brown v. Fisher,* 193 S.W. 357 (Tex.Civ.App.—Beaumont 1917, writ ref'd).

Plaintiffs' contention that defendants recognized superior title in them is without merit. There is sufficient evidence to support the trial court's finding that defendants neither recognized the plaintiffs as owners of the land in question nor were they ever tenants of plaintiffs.

Under the record, the judgment of the trial court is correct, and we find no reversible error. The judgment is affirmed.