Hal B. ALLEN et ux., Petitioners,

v.

Terry KEELING, Individually and d/b/a
A & K Properties, Inc. et al.,
Respondents.

No. B–9540.

Supreme Court of Texas.

March 4, 1981.

Rehearing Denied April 8, 1981.

Mullins, Box & Parish, Kenneth L. Box, and Gary E. Ellison, Houston, Wayne L. Gardner, Hallettsville, for petitioners.

Gaus & Strauss, Gus J. Strauss, Jr., Yoakum, for respondents.

DENTON, Justice.

This is an action for trespass to real property in which Hal B. Allen and Ella Allen sued Terry Keeling, d/b/a A & K Properties, Inc. and Everett Anderson, d/b/a Mallard Investments seeking an injunction and damages. The jury found in favor of the defendants and the trial court rendered judgment on the verdict. The court of civil appeals affirmed. 598 S.W.2d 951. We reverse the judgment of the court of civil appeals and render judgment enjoining the defendants from trespassing on the Allens' land.

The Allens hold record legal title to and are in possession of 480 acres of land in Lavaca County, Texas. The defendants own approximately one thousand acres adjacent to the Allens on the south which is being developed as a residential subdivision. A fenceline wholly on the Allens' land runs close to, but north of, the southern boundary of their property. An undedicated dirt road on their property, known as the Allen Ranch Road, runs east-west parallel to the fence for some distance before curving northward. The road connects the towns of Sublime and Vienna and has been used by the traveling public for many years.

The present road was constructed by Lavaca County about 1960. The traveled por-

tion of the roadway, referred to as the "beaten path," is approximately eighteen feet wide. Between the beaten path and the fence is a grassy area eighteen to twenty feet wide. This is the "borrow" or "bar" ditch. When the road was constructed the blade of the grader was placed near the fence and dirt from the ditch was used to build up the roadway surface. The beaten path has been maintained when needed, but the bar ditch has never been regraded. The Allens graze cattle on the grassy area as well as fertilize and shred it.

The defendants seek to build a north-south road connecting their subdivision with the Allen Ranch Road. Keeling paid Lavaca County to build a culvert across the bar ditch and mark the Allens' fence for cutting. At the point where the defendants seek to connect their road, the record line of the Allens' property lies two and one-half feet south of the fenceline.

The Allens sued in simple trespass to realty to enjoin Keeling and Anderson from connecting the proposed road to the Allen Ranch Road. Trial was to a jury and consisted of testimony from local residents, surveyors, and county employees. Many of the residents testified they believed the grassy area belonged to the Allens but that they would feel free to pull onto it if they developed car trouble. Surveyors established the widths of the beaten path and bar ditches. The county employee who constructed the road testified that, in his opinion, the right-of-way extends the width of the ditch to the fence. In response to the single special issue submitted, the jury found that the right-of-way extended to the fence. The trial court rendered judgment on the verdict denying injunctive relief and damages. The court of civil appeals affirmed holding that the grassy area between the beaten path and the fence was necessary for the convenience of the traveling public. 598 S.W.2d at 954. The court overruled the Allens' contention that the trial court erred in refusing to permit them to admit their title as evidence of the boundaries of their property. Id. at 955.

A public roadway may be established by prescription. Brooks v. Jones, 578 S.W.2d 669, 673 (Tex.1979). Here there is no dispute as to the existence of a prescriptive easement. The sole question presented is the extent of the prescriptive rights in the Allen Ranch Road. When a road is established by prescription, the right is not limited to the beaten path used, but in-

cludes sufficient land, where reasonably available, for drainage ditches, repairs, and the convenience of the traveling public. *Robinson Water Co. v. Seay*, 545 S.W.2d 253, 260 (Tex.Civ.App.—Waco 1976, no writ); *Nonken v. Bexar County*, 221 S.W.2d 370, 374 (Tex.Civ.App.—Eastland 1949, writ. ref'd n. r. e.); *Haby v. Hicks*, 61 S.W.2d 871 (Tex.Civ.App.—San Antonio 1933, writ. dism'd). The prescriptive rights in the Allen Ranch Road extend beyond the beaten path into the eighteen to twenty foot wide bar ditches on either side of the roadway. The county's easement includes only such land as necessary for drainage, maintenance, and convenience. According to the testimony of surveyors and Lavaca County employees, there is a small space between the outside edge of the bar ditch and the fence at the point where Keeling seeks to connect his road. This small space plus the land occupied by the fence itself belongs to the Allens and is not impressed with an easement for any purpose. In addition, the record title line to the Allens' property, described by metes and bounds in their deed, lies approximately two and one-half feet south of the fenceline. A landowner must be adjacent to the easement to acquire rights in that easement. *Brooks v. Jones*, 578 S.W.2d 669, 674 (Tex.1979). The defendants' tract does not touch the easement. Because they are not adjacent to the easement, we hold that Keeling and Anderson do not have a justiciable interest in the Allen Ranch Road.

We reverse the judgment of the court of civil appeals and render judgment enjoining the defendants from trespassing on the Allens' land.