# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

===============

## NO. 03-99-00084-CR

===============

**Jesse Monroe, Appellant**

v.

**The State of Texas, Appellee**

========================================================================

**FROM THE DISTRICT COURT OF CALDWELL COUNTY, 22ND JUDICIAL DISTRICT
NO. 95-020, HONORABLE WILLIAM E. BENDER, JUDGE PRESIDING**

========================================================================

Appellant Jesse Monroe was convicted of the offenses of robbery and burglary of a habitation. *See* Tex. Penal Code Ann. §§ 29.02(a)(2), 30.02(a)(1)(d) (West 1994 & Supp. 2000). The trial court assessed appellant's punishment for each offense, enhanced by two prior felony convictions, at imprisonment for life. In eleven points of error, appellant raises issues of double jeopardy and alleged erroneous rulings of the trial court. We will affirm the judgment.

We must overrule appellant's first, second, and eleventh points of error because deficiencies in the record preclude their appellate review.[1] In these three points of error, appellant's

---

[1] We quote appellant's points of error one, two, and eleven as follows:

(One)

The Trial Court Erred by Denying Appellant Due Process of Law under Both the 5th and 14th Amendments of the U.S. Constitution and the Due Course of Law Clause of Article 1, Section 19 of the Texas Constitution by Refusing to Provide an Appealable Pre-trial Procedural Vehicle

basic contention is that his prosecution, conviction, and punishment for robbery and burglary of a habitation were double-jeopardy barred. Appellant contends that a failed attempt to show he had violated his parole in another case and his former conviction and punishment for aggravated sexual assault were both based on the same facts and circumstances as his present trial, conviction, and punishment for robbery and burglary of a habitation. However, appellant's assertions and argument are not supported by the record. The record before us in this appeal does not include the record of the violation of parole proceeding or the record of trial, conviction, and punishment for aggravated sexual assault. Furthermore, there is no other evidence in the record now before us to support appellant's contentions. Understandably, the many pages of appellant's brief containing the assertions of fact and argument relating to these three points of error do not give any page references to the record.

Appellate rules require that facts stated in appellate briefs "must be supported by record references." Tex. R. App. P. 38.1(f). "The brief must contain a clear and concise argument for the contentions made, with appropriate citations . . . to the record." *Id*. Rule 38.1(h). A brief is

---

for Appellant to Appeal His Double Jeopardy Claims Prior to Trial.

(Two)

The Trial Court Erred by Denying Appellant Due Process of Law under both the 5th and 14th Amendment of the U.S. Constitution and the Due Course of Law Clause of Article 1, Section 19 of the Texas Constitution in Denying Appellants Plea in Bar Because Double Jeopardy Now Attaches at the Parole Hearing and Bars Further Prosecution of this Appellant

(Eleven)

Appellant's convictions for robbery and aggravated burglary violate the constitutional prohibition against double jeopardy as provided in the fifth and fourteenth amendments to the U.S. Constitution and Article I, Sections 3, 3a, 8, 13 and 14 of the Texas Constitution.

2

inadequate if it does not follow the appellate rules and refer to page numbers in the record to support the facts asserted and the arguments made, and the errors claimed are not reviewable. *E.g., Aldrich v. State,* 928 S.W.2d 558, 560 n.2 (Tex. Crim. App. 1996); *Alvarado v. State*, 912 S.W.2d 199, 210 (Tex. Crim. App. 1995); *Narvaiz v. State,* 840 S.W.2d 415, 429 (Tex. Crim. App. 1992); *Reed v. State,* 927 S.W.2d 289, 291 (Tex. App.—Fort Worth 1996, no pet.).

Although appellant has filed a motion in this Court requesting that we consider records in other cases, we cannot do so. *See Berrious-Torres v. State*, 802 S.W.2d 91, 95-96 (Tex. App.—Austin 1990, no pet.); *Young v. State,* 650 S.W.2d 457, 459 (Tex. App.—Houston [14th Dist.] 1982, no pet.); *see also Garza v. State*, 622 S.W.2d 85, 89-90 (Tex. Crim. App. 1991); *Evans v. State*, 622 S.W.2d 866, 868 (Tex. Crim. App. 1981). "Vicarious constitutional arguments, without support in the record, are not properly before the court on appeal." *Allridge v. State*, 850 S.W.2d 471, 495 (Tex. Crim. App. 1991); *Kinnamon v. State*, 791 S.W.2d 84, 94 (Tex. Crim. App. 1990). Appellant's motion for this Court to take judicial notice and points of error one, two, and eleven are overruled.

In his third point of error, appellant asserts that "the trial court committed reversible error in denying a motion for mistrial after the prosecution showed a chart which included the range of punishment because the probative value outweighed the prejudicial effect as the judge was to decide the punishment in this case." The alleged error occurred during jury voir dire. Appellant had elected, if convicted, to have the trial judge assess his punishment. Although the chart is not included in the record for appellant's bill of exception, appellant says the chart about which he complains showed the range of punishment for the offenses with which he was charged; it showed a punishment of imprisonment for a minimum of fifteen years and a maximum of ninety-nine years. Although the

chart did not show appellant's prior convictions, he argues that this range of punishment would apply only if he had also been convicted of a prior felony offense. Therefore, appellant complains he was harmed because the jury would infer that he had previously been convicted of a felony. The trial court sustained appellant's objection to the use of the chart. Appellant then, without requesting the Court to instruct the jury to disregard the chart, asked for a mistrial which the court denied. By failing to ask for relief appropriately, appellant failed to preserve error. The proper method of preserving error in cases of prosecutional misconduct is to (1) object on specific grounds, (2) request an instruction to disregard, and (3) move for a mistrial. *Penry v. State,* 903 S.W.2d 715, 764 (Tex. Crim. App. 1995); *Cook v. State,* 858 S.W.2d 467, 473 (Tex. Crim. App. 1993); *Brooks v. State,* 642 S.W.2d 791, 798 (Tex. Crim. App. 1982); *Koller v. State,* 518 S.W.2d 373, 375 n.2 (Tex. Crim. App. 1995); Tex. R. App. P. 33.1. The alleged error was not preserved for appellate review. Even if the error claimed had been properly preserved for review, appellant's point of error is without merit. As long as the State does not inform the jury of the enhancement allegations, it may on voir dire tell the jury what the possible range of punishment may be. "[A] prosecutor may inform the jury panel of the range of punishment applicable if the State were to prove a prior conviction for enhancement purposes, but it may not inform the jury of any of the specific allegations contained in the enhancement paragraph of a particular defendant's indictment." *Frausto v. State,* 642 S.W.2d 506, 509 (Tex. Crim. App. 1982). Although the jury may not be informed on voir dire of enhancement allegations, either the defendant or the State may qualify prospective jurors on the full range of punishment applicable to the enhanced offense in order to intelligently exercise peremptory challenges. *Martinez v. State,* 598 S.W.2d 954, 956-57 (Tex. Crim. App. 1979). Appellant's third point of error is overruled.

4

In his fourth point of error, appellant urges that "the trial court erred in overruling defendant's objection to the State discussing the levels of offenses during voir dire." Appellant complains of the court's overruling his objection to the prosecutor's discussion of the ranges of punishment and the difference between robbery and aggravated robbery. Actually, the trial court sustained appellant's objection. However, appellant argues that the court overruled his request "for an instruction to disregard." The Code of Criminal Procedure allows the State to challenge a prospective juror for cause who has a bias or prejudice against any law upon which the State is entitled to rely for conviction or punishment. *See* Tex. Code Crim. Proc. Ann. art. 35.16(b)(3) (West Supp. 2000). If the evidence does not support a conviction for the charged offense, the State may be entitled to obtain a conviction for a lesser included offense. Therefore, the State may voir dire the jury panel on the lesser included offense as well as the charged offense. *Alfano v. State,* 780 S.W.2d 494, 495 (Tex. App.—Corpus Christi 1989, no pet.). The defense may likewise voir dire the jury concerning lesser included offenses. *Santana v. State,* 714 S.W.2d 1, 10 (Tex. Crim. App. 1986). Even though the defendant waives jury punishment and elects to have punishment assessed by the court, it is proper for a prosecutor to voir dire the jury on the full range of punishment. *Hunt v. State,* 852 S.W.2d 278, 280-81 (Tex. App.—Dallas 1993, no pet.); *Lavigne v. State,* 782 S.W.2d 253, 257 (Tex. App.—Houston [14th Dist.] 1989), *aff'd,* 803 S.W.2d 302 (Tex. Crim. App. 1990). In this case, appellant was charged with aggravated robbery but the jury found appellant guilty of the lesser included offense of robbery. Appellant's fourth point of error is without merit and is overruled.

Appellant, in his fifth point of error, urges that "the trial court committed reversible error when it permitted the State to inject character into the trial by permitting the State to ask 'did you know' questions related to prior arrests which resulted in the appellant receiving a no bill as well

as defendants prior convictions from a witness who did not testify as to the appellant's character in violation of Tex. R. Crim. Evid. 404(B), 609(F) and Article 37.07." Appellant's complaint relates to the testimony of witness Carter Hutson, who testified at an earlier trial but not at this trial. Hutson's direct testimony at the earlier trial was reproduced and admitted in evidence by stipulation in this case and appears in this record as Defendant's Exhibit 2. The stipulated testimony does not include any "did you know" questions concerning prior offenses allegedly committed by appellant. The jury in the present case did not hear the "did you know" questions. This point of error has no support in the record before us and nothing is presented for review. Appellant's fifth point of error is overruled.

In his sixth and seventh points of error, appellant complains that "the trial court erred in overruling appellant's objection that the testimony of the latent print examiner about how many other prints were found on the scissors which were not suitable for comparison under the '7 point rule' was irrelevant since the probative value of the evidence was outweighed by the highly prejudicial and inflammatory effect of the testimony," and that "the trial court erred in admitting state's exhibit 46."

The indictment alleges that in committing the robbery appellant used a pair of scissors. The scissors were admitted in evidence without objection. State's Exhibit 46 was a photograph of the scissors showing latent fingerprints. When State's exhibit 46 was offered in evidence, defense counsel did not object but said, "State's 46 is fine with me." A latent fingerprint identification expert testified that fingerprints on the scissors were smudged and unidentifiable except for the prints of the robbery victim. The expert could not identify any of the prints as those of the appellant. Assuming there was prejudice in the expert's testimony, it did not substantially outweigh the testimony's

6

probative value. Moreover, any error other than constitutional error that does not affect substantial rights must be disregarded. Here, the error complained of did not affect appellant's substantial rights and must be disregarded. Points of error six and seven are overruled.

In his eighth point of error, appellant insists that "the trial court erred in overruling appellant's objection that the State shifted the burden of proof to appellant during the testimony of Meghan Mendenhall, Ph.D." Appellant summarizes his contention under this point of error as follows: "In the instant case the State had a problem. The key evidence was found to have been mishandled by the DPS and the State found out that D.P.S. had failed to examine the critical evidence for evidence that could have either exculpated or destroyed Appellant. The State attempted to resolve this problem by asking Dr. Mendenhall the series of questions about whether or not counsel asked her to test various items of evidence. This constitutes a shifting of the burden of proof and harm is presumed. As a result, this cause must be reversed and remanded for a new trial." In support of his argument, appellant cites *Sandstrom v. Montana*, 442 U.S. 510 (1979), and *Randle v. State,* 826 S.W.2d 943 (Tex. Crim. App. 1992). In *Sandstrom*, the Supreme Court held that the trial court's jury charge shifted the burden of proof to the defendant. There was no such charge in this case. In *Randle,* the court held that it was error to force a defendant to trial in jail clothes because it impaired the defendant's right to the presumption of innocence. We find nothing in *Randle* concerning shifting the burden of proof to the defendant.

Mendenhall did not testify as a live witness in this case. However, a portion of her testimony given in an earlier trial was reproduced and offered at this trial without objection through a written stipulation of evidence pursuant to an agreement with appellant. The reproduced testimony was admitted and appears in the record as State's Exhibit 47. Although the reproduced testimony

7

shows appellant objected at the earlier trial that Mendenhall's testimony shifted the burden of proof to appellant, appellant did not object and did not get a ruling from the trial court in the trial of this case. Appellant did not preserve the error for appellate review in this case. However, if it could be successfully argued that the claimed error was preserved for appellate review, we hold it was without merit. The prosecutor's interrogation of Mendenhall concerning whether counsel requested that she test items of evidence did not shift the burden of proof to appellant. The State still had the burden of proving each element of the offense beyond a reasonable doubt. It is the court's jury charge that establishes the burden of proof. Appellant's eighth point of error is overruled.

In his tenth point of error, appellant declares that "the trial court erred and committed acts of judicial estoppel in refusing to permit the defendant to cross examine the alleged victim by replaying tapes of the prior testimony from the parole board hearing which the same trial judge had permitted to be played in the July 1996 trial." Appellant argues that "when the Court did not permit Appellant to cross examine [a certain witness] with the very same evidence in the second trial, the court committed an error and was judicially estopped from reversing its position." Appellant has not designated the pages of the record where the claimed error occurred. Moreover, the record of the first trial is not a part of the record in this case. Appellant has failed to perfect the record and to properly brief this point of error. "Under the doctrine of 'judicial estoppel,' a party is bound by his judicial declarations and may not contradict them in a subsequent proceeding involving the same issues and parties." *Black's Law Dictionary* 848 (West 6th ed. 1990). Appellant has failed to cite any cases applying this doctrine to the *rulings* of a trial judge. Appellant's tenth point of error is overruled.

Appellant abandoned his ninth point of error; therefore, it will not be discussed.

8

The judgment is affirmed.


_____

Carl E. F. Dally, Justice

Before Justices Jones, B. A. Smith and Dally[*]

Affirmed

Filed: November 9, 2000

Do Not Publish

[*]    Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. *See* Tex. Gov't Code Ann. § 74.003(b) (West 1998).