# ATTORNEY GENERAL OF TEXAS

## GREG ABBOTT

January 22, 2009

The Honorable Robert F. Vititow
Rains County Attorney
220 West Quitman
Post Office Box 1075
Emory, Texas 75440

Opinion No. GA-0693

Re: Authority of a commissioners court to remove from county right-of-way structures it deems to be a safety hazard (RQ-0729-GA)

Dear Mr. Vititow:

You inform us that in Rains County, individuals have erected mailboxes "constructed of various materials including, stone, brick, concrete and sometimes large metal posts" and that, in some instances, these mailboxes are "adjacent to the paved county roadway or within a few feet of the paved roadway."[1] You state that the "commissioners perceive these mailboxes to be a safety hazard to the general public," and you request an opinion relating to the authority of a commissioners court to require landowners to remove hazardous mailboxes from the county road right-of-way and replace them with others that are easily knocked down when struck by a vehicle. Request Letter at 1–2.

The Legislature has granted commissioners courts authority to "exercise general control over all roads, highways, and bridges in the county." TEX. TRANSP. CODE ANN. § 251.016 (Vernon Supp. 2008). Section 251.003 more specifically authorizes commissioners courts to "make and enforce all necessary rules and orders for the construction and maintenance of public roads." *Id.* § 251.003(a)(1) (Vernon 1999). "By granting commissioners courts general control over the roads, the Legislature imposed on them a duty to make the roadways safe for public travel." *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 31–32 (Tex. 2003).

Pursuant to this authority, we have previously concluded that a commissioners court may remove or order the removal of objects in the county road right-of-way that create a safety hazard to the public. *See* Tex. Att'y Gen. Op. No. GA-0430 (2006) at 3–4 (allowing commissioners court to remove abandoned mobile homes in the right-of-way); Tex. Att'y Gen. Op. No. JM-1241 (1990) at 2 (allowing commissioners court to require the removal of trees or shrubs that interfere with the right-of-way). However, whether and to what extent the mailboxes at issue create a hazard to the public is a fact question not appropriate for the opinion process. Tex. Att'y Gen. Op. No. GA-0620 (2008) at 5. Thus, we are unable to answer whether the commissioners court is authorized to remove or order the removal of the specific mailboxes at issue.

---

[1]*See* Request Letter at 2 (*available at* www.texasattorneygeneral.gov).

You also ask about the perimeters of a county's right-of-way on a road established by implied dedication or prescription. *See* Request Letter at 2. When a road is established by prescription or dedication, "the right is not limited to the beaten path used, but includes sufficient land, where reasonably available, for drainage ditches, repairs, and the convenience of the traveling public." *Allen v. Keeling*, 613 S.W.2d 253, 254–55 (Tex. 1981) (holding county's prescriptive rights to a road "extend . . . into the eighteen to twenty foot wide bar ditches"). Thus, to the extent that land is "reasonably available," a county's right-of-way will extend beyond the area traveled. However, whether and to what extent a public right-of-way has been acquired by dedication or prescription on a given road is a fact question that cannot be resolved by an opinion. *See Linder v. Hill*, 691 S.W.2d 590, 591 (Tex. 1985); Tex. Att'y Gen. Op. No. GA-0620 (2008) at 5.

## S U M M A R Y

Pursuant to its general control over all roads, highways, and bridges in the county, as provided for in section 251.016 of the Transportation Code, a commissioners court may remove or order the removal of objects in the county road right-of-way that create a safety hazard to the public. Whether the mailboxes at issue are hazardous to the public, and can therefore be removed by the commissioners court, is a fact question not appropriate for the opinion process.

Generally, when a road is established by prescription or dedication, the right is not limited to the area traveled, but includes sufficient land, where reasonably available, for drainage ditches, repairs, and the convenience of the traveling public. However, whether and to what extent a public right-of-way has been acquired by dedication or prescription is a question of fact that cannot be decided through the opinion process.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

ANDREW WEBER
First Assistant Attorney General

JONATHAN K. FRELS
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Virginia K. Hoelscher
Assistant Attorney General, Opinion Committee